IN THE UNITED STATES DISTRICT COURT
FOR THIS DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF MILLARD D. CAMPBELL, et al. | |
| Plaintiffs | Case No. |
| v. | 01-CV-02104 (TPJ) (DAR) |
| ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs<br>Khomeini Avenue<br>United Nations Street<br>Tehran, Iran | |
| and | |
| THE IRANIAN MINISTRY OF<br>INFORMATION AND SECURITY<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran | |
| and | |
| THE IRANIAN ISLAMIC<br>REVOLUTIONARY GUARD CORPS<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran | |
| Defendants | |

## THIRD AMENDED COMPLAINT

On June 25, 1996, Hizbollah terrorists detonated a 5,000 pound truck bomb outside of Khobar Towers, a United States military complex in Dhahran, Saudi Arabia. The blast from this bomb sheared-off the entire face of the Khobar Towers complex, shattered windows up to a half-mile away, shook the ground up to twenty miles away in the nation of Bahrain, and left in its wake a crater measuring eighty-feet wide and thirty-five feet deep. It killed nineteen Air Force

servicemen. Plaintiffs are the Estates and family members of twelve servicemen who were killed in the attack.[1]

The Hizbollah terrorist organization is a creation and agent of the Islamic Republic of Iran, which has provided Hizbollah with funds, training, and direction for over fifteen years. In 1995, Hizbollah began plotting a terrorist attack against United States interests in Saudi Arabia. It selected a target, developed a scheme for the attack, purchased explosives and triggering devices, and ultimately detonated a bomb outside of Khobar Towers. Under United States law, the Islamic Republic of Iran – which funds, trains, and directs Hizbollah through the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps – is responsible for this terrorist attack and for the murder of Sergeant Millard D. Campbell, Staff Sergeant Kevin J. Johnson, Airman First-Class Joseph E. Rimkus, Airman First-Class Brent E. Marthaler, Technical Sergeant Thanh Van Nguyen, Airman First-Class Joshua E. Woody, Airman First-Class Peter J. Morgera, Master Sergeant Kendall Kitson, Jr., Captain Christopher

---

[1]    Plaintiffs include (1) the Estate of Millard D. Campbell, deceased; (2) Marie R. Campbell; (3) Bessie A. Campbell; (4) the Estate of Kevin J. Johnson, deceased; (5) Shyrl L. Johnson; (6) Che G. Colson; (7) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (8) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (9) Laura E. Johnson; (10) Bruce Johnson; (11) the Estate of Joseph E. Rimkus, deceased; (12) Bridget Brooks; (13) James R. Rimkus; (14) Anne M. Rimkus; (15) the Estate of Brent E. Marthaler, deceased; (16) Katie L. Marthaler; (17) Sharon Marthaler; (18) Herman C. Marthaler III; (19) Matthew Marthaler; (20) Kirk Marthaler; (21) Christopher R. Nguyen, individually and as Executor of the Estate of Thanh Van Nguyen, deceased; (22) the Estate of Joshua E. Woody, deceased; (23) Dawn Woody; (24) Bernadine R. Beekman; (25) George M. Beekman; (26) Tracy M. Smith; (27) Jonica L. Woody; (28) Timothy Woody; (29) the Estate of Peter J. Morgera, deceased; (30) Michael Morgera; (31) Thomas Morgera; (32) the Estate of Kendall Kitson, Jr., deceased; (33) Nancy R. Kitson; (34) Kendall K. Kitson; (35) Steve K. Kitson; (36) Nancy A. Kitson; (37) the Estate of Christopher Adams, deceased; (38) Catherine Adams; (39) John E. Adams; (40) Patrick D. Adams; (41) Michael T. Adams; (42) Daniel Adams; (43) Mary Young; (44) Elizabeth Wolf; (45) William Adams; (46) Cecil H. Lester, individually and as Executor of the Estate of Christopher Lester, deceased; (47) Judy Lester; (48) Cecil H. Lester, Jr.; (49) Jessica F. Lester; (50) the Estate of Jeremy A. Taylor, deceased; (51) Lawrence E. Taylor; (52) Vickie L. Taylor; (53) Starlina D. Taylor; (54) the Estate of Patrick P. Fennig, deceased; (55) Thaddeus C. Fennig; (56) Catherine Fennig; (57) Paul D. Fennig; and (58) Mark Fennig. This case has been consolidated for trial with Heiser et al. v. Islamic Republic of Iran et al, Case No. 00-CV02329 (TPJ).   Collectively, the Campbell and Heiser plaintiffs represent the families of 17 of the 19 servicemen who were killed in the Khobar Towers attack.

Adams, Airman First-Class Christopher Lester, Senior Airman Jeremy A. Taylor, and Technical Sergeant Patrick P. Fennig (collectively, "Decedents").

Plaintiffs move for judgment against Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps, jointly and severally. In support of their Complaint, Plaintiffs allege as follows:

## JURISDICTION, VENUE, CHOICE OF LAW, AND CAUSES OF ACTION

1.      Defendants, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps, are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7).

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, and 1332(a)(2).

3.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4).

4.      Actions for wrongful death, personal injury, intentional infliction of emotional distress, and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees, and agents – within the meaning of 28 U.S.C. § 1605(a)(7) – are unique causes of actions arising out of federal counter-terrorism statutes and are controlled by federal law.

5.      The Causes of Action contained in the seven Counts later enumerated in this Third Amended Complaint are based on the following sources of law:

        A.      28 U.S.C. § 1605(a)(7) and the Flatow Amendment;

        B.      28 U.S.C. § 1606, solely as to the Islamic Republic of Iran;

C.   Federal common law;

D.   International law, as set forth primarily in §§ 701 and 702 of the Restatement (Third) of the Foreign Relations Law. In this instance, Defendants violated a definable, universal, and obligatory norm of an international character accepted by the civilized world. One who commits an extra-judicial murder by terrorism is *hostis humani generis*, an enemy of all mankind;

E.   State wrongful death and survival laws, whether statutory or common law; and

F.   State common law with respect to intentional infliction of emotional distress.

## THE PARTIES

6.     Plaintiff the Estate of Millard D. Campbell is the legal entity created to recover damages on behalf of Millard D. Campbell, deceased, and his heirs-at-law, arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Marie R. Campbell is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Millard D. Campbell, deceased.

7.     Plaintiff Marie R. Campbell is a United States citizen and a domiciliary of the State of Texas.  She is the wife of Millard D. Campbell, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

8.     Plaintiff Bessie A. Campbell is a United States citizen and a domiciliary of the State of Texas.  She is the mother of Millard D. Campbell, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

9.     Plaintiff the Estate of Kevin J. Johnson is the legal entity created to recover damages on behalf of Kevin J. Johnson, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Shyrl L. Johnson is in the process of opening

the Estate and is expected to be named as Administrator of the Estate of Kevin J. Johnson, deceased.

10.    Plaintiff Shyrl L. Johnson is a United States citizen and a domiciliary of the State of Florida.  She is the wife of decedent Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

11.    Plaintiff Che G. Colson is a United States citizen and a domiciliary of the State of Florida.  He is the step-son of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

12.    Plaintiff Kevin Johnson is a United States citizen and a domiciliary of the State of Florida.  He is a son of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.  Kevin Johnson is a minor and Shyrl L. Johnson, his mother, is representing Kevin Johnson's interests as legal guardian.

13.    Plaintiff Nicholas A. Johnson is a United States citizen and a domiciliary of the State of Florida.  He is a son of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.  Nicholas A. Johnson is a minor and Shyrl L. Johnson, his mother, is representing Nicholas A. Johnson's interests as legal guardian.

14.    Plaintiff Laura E. Johnson is a United States citizen and a domiciliary of the State of Louisiana.  She is the mother of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

15.    Plaintiff Bruce Johnson is a United States citizen and a domiciliary of the State of Louisiana.  He is the brother of Kevin J. Johnson, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

16.     Plaintiff the Estate of Joseph E. Rimkus is the legal entity created to recover damages on behalf of Joseph E. Rimkus, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Bridget Brooks is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Joseph E. Rimkus, deceased.

17.     Plaintiff Bridget Brooks is a United States citizen and a domiciliary of the State of Florida.  She is the mother of Joseph E. Rimkus, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

18.     Plaintiff James R. Rimkus is a United States citizen and a domiciliary of the State of Florida.  He is the brother of Joseph E. Rimkus, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

19.     Plaintiff Anne M. Rimkus is a United States citizen and a domiciliary of the State of Florida.  She is the sister of Joseph E. Rimkus, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

20.     Plaintiff the Estate of Brent E. Marthaler is the legal entity created to recover damages on behalf of Brent E. Marthaler, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Katie L. Marthaler is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Brent E. Marthaler, deceased.

21.     Plaintiff Katie L. Marthaler is a United States citizen and a domiciliary of the State of Minnesota.  She is the wife of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

22.     Plaintiff Sharon Marthaler is a United States citizen and a domiciliary of the State of Minnesota.  She is the mother of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

23.     Plaintiff Herman C. Marthaler III is a United States citizen and a domiciliary of the State of Minnesota.  He is the father of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

24.     Plaintiff Mathew Marthaler is a United States citizen and a domiciliary of the State of Minnesota.  He is a brother of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

25.     Plaintiff Kirk Marthaler is a United States citizen and a domiciliary of the State of Minnesota.  He is a brother of Brent E. Marthaler, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

26.     Plaintiff Christopher R. Nguyen is a United States citizen and a domiciliary of the State of Ohio.  He is the son of Thanh Van Nguyen, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.  Christopher R. Nguyen is the Executor of the Estate of Thanh Van Nguyen.

27.     Plaintiff the Estate of Joshua E. Woody is the legal entity created to recover damages on behalf of Joshua E. Woody, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Dawn Woody is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Joshua E. Woody, deceased.

28.     Plaintiff Dawn Woody is a United States citizen and a domiciliary of the State of Oklahoma.  She is the wife of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

29.     Plaintiff Bernadine R. Beekman is a United States citizen and a domiciliary of the State of Georgia.  She is the mother of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

30.     Plaintiff George M. Beekman is a United States citizen and a domiciliary of the State of Georgia.  He is the stepfather of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

31.     Plaintiff Tracy M. Smith is a United States citizen and a domiciliary of the State of Georgia.  She is a sister of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

32.     Plaintiff Jonica L. Woody is a United States citizen and a domiciliary of the State of Maryland.  She is a sister of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

33.     Plaintiff Timothy Woody is a United States citizen and a domiciliary of the State of New York.  He is a brother of Joshua E. Woody, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

34.     Plaintiff the Estate of Peter J. Morgera is the legal entity created to recover damages on behalf of Peter J. Morgera, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Michael Morgera is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Peter J. Morgera, deceased.

35.     Plaintiff Michael Morgera is a United States citizen and a domiciliary of the State of New Hampshire.  He is a brother of Peter J. Morgera, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

36.     Plaintiff Thomas Morgera is a United States citizen and a domiciliary of the State of New Hampshire. He is a brother of Peter J. Morgera, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

37.     Plaintiff the Estate of Kendall Kitson, Jr. is the legal entity created to recover damages on behalf of Kendall Kitson, Jr., deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiffs Nancy R. Kitson and Kendall K. Kitson are in the process of opening the Estate and are expected to be named as co-Administrators of the Estate of Kendall Kitson, Jr., deceased.

38.     Plaintiff Nancy R. Kitson is a United States citizen and a domiciliary of the State of Florida. She is the mother of Kendall Kitson, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

39.     Plaintiff Kendall K. Kitson is a United States citizen and a domiciliary of the State of Florida. He is the father of Kendall Kitson, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

40.     Plaintiff Steve K. Kitson is a United States citizen and a domiciliary of the State of Oklahoma. He is the brother of Kendall Kitson, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

41.     Plaintiff Nancy A. Kitson is a United States citizen and a domiciliary of the State of Oklahoma. She is the sister of Kendall Kitson, Jr., who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

42.     Plaintiff the Estate of Christopher Adams is the legal entity created to recover damages on behalf of Christopher Adams, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers. Plaintiff Catherine Adams is in the process of

opening the Estate and is expected to be named as Administrator of the Estate of Christopher Adams, deceased.

43.     Plaintiff Catherine Adams is a United States citizen and a domiciliary of the State of New York.  She is the mother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

44.     Plaintiff John E. Adams is a United States citizen and a domiciliary of the State of North Carolina.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

45.     Plaintiff Patrick D. Adams is a United States citizen and a domiciliary of the State of North Carolina.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

46.     Plaintiff Michael T. Adams is a United States citizen and a domiciliary of the State of North Carolina.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

47.     Plaintiff Daniel Adams is a United States citizen and a domiciliary of the State of New York.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

48.     Plaintiff Mary Young is a United States citizen and a domiciliary of the State of New York.  She is a sister of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

49.     Plaintiff Elizabeth Wolf is a United States citizen and a domiciliary of the State of New York.  She is a sister of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

50.     Plaintiff William Adams is a United States citizen and a domiciliary of the State of New York.  He is a brother of Christopher Adams, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

51.     Plaintiff Cecil H. Lester is a United States citizen and a domiciliary of the State of West Virginia.  He is the father of Christopher Lester, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.  Cecil H. Lester is the Executor of the Estate of Christopher Lester.

52.     Plaintiff Judy Lester is a United States citizen and a domiciliary of the State of West Virginia.  She is the mother of Christopher Lester, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

53.     Plaintiff Cecil H. Lester, Jr. is a United States citizen and a domiciliary of the State of West Virginia.  He is the brother of Christopher Lester, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

54.     Plaintiff Jessica F. Lester is a United States citizen and a domiciliary of the State of West Virginia.  She is the sister of Christopher Lester, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

55.     Plaintiff the Estate of Jeremy A. Taylor is the legal entity created to recover damages on behalf of Jeremy A. Taylor, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiff Lawrence E. Taylor is in the process of opening the Estate and is expected to be named as Administrator of the Estate of Jeremy A. Taylor, deceased.

56.    Plaintiff Lawrence E. Taylor is a United States citizen and a domiciliary of the State of Kansas.  He is the father of Jeremy A. Taylor, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

57.    Plaintiff Vickie L. Taylor is a United States citizen and a domiciliary of the State of Kansas.  She is the mother of Jeremy A. Taylor, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

58.    Plaintiff Starlina D. Taylor is a United States citizen and a domiciliary of the State of Kansas.  She is the sister of Jeremy A. Taylor, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

59.    Plaintiff the Estate of Patrick P. Fennig is the legal entity created to recover damages on behalf of Patrick P. Fennig, deceased, and his heirs-at-law arising from the June 25, 1996, terrorist attack on Khobar Towers.  Plaintiffs Thaddeus C. Fennig and Catherine Fennig are in the process of opening the Estate and are expected to be named as co-Administrators of the Estate of Patrick P. Fennig, deceased.

60.    Plaintiff Thaddeus C. Fennig is a United States citizen and a domiciliary of the State of Wisconsin.  He is the father of Patrick P. Fennig, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

61.    Plaintiff Catherine Fennig is a United States citizen and a domiciliary of the State of Wisconsin.  She is the mother of Patrick P. Fennig, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

62.    Plaintiff Paul D. Fennig is a United States citizen and a domiciliary of the State of Wisconsin.  He is the brother of Patrick P. Fennig, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

63.     Plaintiff Mark Fennig is a United States citizen and a domiciliary of the State of Wisconsin. He is the brother of Patrick P. Fennig, who was killed in the June 25, 1996, terrorist attack on Khobar Towers.

64.     At the time of the acts described in the Complaint, Decedents, Sergeant Millard D. Campbell, Staff Sergeant Kevin J. Johnson, Airman First-Class Joseph E. Rimkus, Airman First-Class Brent E. Marthaler, Technical Sergeant Thanh Van Nguyen, Airman First-Class Joshua E. Woody, Airman First-Class Peter J. Morgera, Master Sergeant Kendall Kitson, Jr., Captain Christopher Adams, Airman First-Class Christopher Lester, Senior Airman Jeremy A. Taylor, and Technical Sergeant Patrick P. Fennig were citizens of the United States.   The Decedents are victims of "extrajudicial killing," as that term is defined in section 3 of the Torture Victims Protection Act of 1991 (28 U.S.C. § 1350 note), pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605(e)(1).

65.     Defendant the Islamic Republic of Iran ("Iran") is a foreign state and has been a designated state sponsor of terrorism – pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) and section 602A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) – since January 19, 1984.   Iran provides material support and resources to Hizbollah, a politico-paramilitary terrorist organization. Iran funds, directs, and trains Hizbollah terrorists, and is therefore a sponsor of Hizbollah, within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note.

66.     Defendant the Iranian Ministry of Information and Security ("MOIS") is Iran's intelligence service. MOIS operates both within and beyond Iran's borders. MOIS, acting as an agent of Iran, performed acts within the scope of its agency – and within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note – which caused the terrorist attack on Khobar Towers, as

described below. Specifically, MOIS provided funds, training, and direction to Hizbollah for its terrorist activities, including the June 25, 1996, terrorist attack on Khobar Towers.

67.     On several occasions over the past few years, this Court has held Iran and MOIS liable – as foreign state sponsors of international terrorism, pursuant to 28 U.S.C. 1605(a)(7) – for Hizbollah's terrorist acts and killings.[2] Iran and MOIS are, therefore, collaterally estopped from denying that they are liable for Hizbollah's actions.

68.     Defendant the Iranian Islamic Revolutionary Guard Corps (the "IRGC"), is a non-traditional agency of Iran. The IRGC, with its own separate ministry, has evolved into one of the most powerful organizations in Iran and functions as an intelligence organization, both within and beyond Iran's borders. The IRGC exerts considerable influence on the government policies of Iran. It has become a powerful military instrument for defending and furthering Iran's Islamic fundamentalist revolution and is dedicated to the export of Islamic fundamentalist principles throughout the world through acts of terrorism. The IRGC, acting as an agent of Iran, performed acts within the scope of its agency – and within the meaning of 28 U.S.C. §§ 1605(a)(7) and 1605 note – in providing funds, training, and direction to Hizbollah for its terrorists activities, including the June 25, 1996, terrorist attack on Khobar Towers, as described below.

---

[2]    See, e.g., Surette v. Islamic Republic of Iran, Civil Action No. 01-0570 (D.D.C. 2002); Carlson v. Islamic Republic of Iran, Civil Action No. 00-01309 (D.D.C. 2002); Stethem v. Islamic Republic of Iran, Civil Action No. 00-0159 (D.D.C., 2002); Wagner v. Islamic Republic of Iran, 172 F. Supp.2d 128 (D.D.C. 2001); Jenco v. Islamic Republic of Iran, 2001 WL 871766 (D.D.C. 2001); Polhill v. Islamic Republic of Iran, Civil Action No. 00-1789 (D.D.C. 2001); Sutherland v. Islamic Republic of Iran, 151 F. Supp.2d 27 (D.D.C. 2001); Anderson v. Islamic Republic of Iran, 90 F. Supp.2d 107 (D.D.C. 2000); and Higgins v. Islamic Republic of Iran, Case No. 1:99cv00377 (D.D.C. September 21, 2000).

69.     This Court found the IRGC liable – as a foreign state sponsor of terrorism under 28 U.S.C. § 1605(a)(7) – for Hizbollah's terrorist acts and killings in <u>Surette v. Islamic Republic of Iran</u>, Case No. 01-0570 (D.D.C. 2002), and <u>Higgins v. Islamic Republic of Iran</u>, Case No. 99-0377 (D.D.C. 2000).  The IRGC is, therefore, collaterally estopped from denying that it is liable for Hizbollah's actions.

## STATEMENT OF FACTS

70.     In the early 1980's, Iran developed a program of carefully planned terrorist acts designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism.  Its principal agents in planning, supporting, and executing these acts were MOIS and the IRGC.

71.     Around this same time, Iran – through MOIS and the IRGC – established Hizbollah as a terrorist organization tasked with spreading Islamic fundamentalism and destabilizing governments through terrorist acts, such as kidnapping, torture, and murder.  MOIS and the IRGC provided funding, training, and equipment to Hizbollah and enabled it to pursue and achieve its goals, through the use of terrorism.

72.     By the early 1990's, Hizbollah established operations in a number of countries utilizing the tactics and training taught to them in Iran and at facilities outside of Iran, which were established, operated, and supported by Iran through MOIS and the IRGC.

73.     In the early 1990's, the United States military developed a presence in Saudi Arabia.  Iran viewed the presence of United States personnel, including members of the United States armed forces, as supportive of the Saudi monarchy.  Iran believed that the Saudi monarchy

was pro-Western and corrupt and that a large-scale terrorist operation designed to kill Americans would result in both revolution and the establishment of an Islamic Republic of Saudi Arabia. The Iranian government, acting through MOIS and the IRGC and in concert with Hizbollah, began preparations for the bombing of a target associated with American interests.

74.    In 1995, Iran, through MOIS and the IRGC, began months of preparation for such an operation.  Hizbollah operatives began to scout potential United States targets in Saudi Arabia.  Shipments of explosives were smuggled into Saudi Arabia and stored.  An elaborate professional intelligence network was established to carry out the bombing.

75.    By June 1996, bomb components, including high explosives, incendiary materials, and sophisticated fuses and tools used for the bomb assembly, arrived in Saudi Arabia. Agents of Defendants Iran, MOIS, and the IRGC selected and approved a target in Dhahran, Saudi Arabia, to be destroyed by Hizbollah agents.  The target was Khobar Towers; a multi-story apartment building in the al-Khobar section of Dhahran, which housed United States Air Force and other United States military personnel.

76.    In June 1996, Sergeant Millard D. Campbell, Staff Sergeant Kevin J. Johnson, Airman First-Class Joseph E. Rimkus, Airman First-Class Brent E. Marthaler, Technical Sergeant Thanh Van Nguyen, Airman First-Class Joshua E. Woody, Airman First-Class Peter J. Morgera, Master Sergeant Kendall Kitson, Jr., Captain Christopher Adams, Airman First-Class Christopher Lester, Senior Airman Jeremy A. Taylor, and Technical Sergeant Patrick P. Fennig were United States citizens and members of the United States Air Force.  They were stationed in

Dhahran, Saudi Arabia, and resided in Khobar Towers. Decedents were tasked with enforcing the "no-fly zone" in southern Iraq.

77.     On the evening of June 25, 1996, two Hizbollah terrorists parked a stolen Mercedes Benz tanker truck containing a 5,000 pound bomb outside of the American sector of the Khobar Towers complex. They parked the truck approximately 80 to 100 feet from the complex. The two terrorists then escaped in a stolen getaway car. Minutes later, the bomb exploded.

78.     The blast from the explosion sheared-off the entire face of the Khobar Towers complex, shattered windows a half-mile away, shook the ground up to twenty miles away in the nation of Bahrain, and left in its wake a crater measuring eighty-five feet wide and thirty-five feet deep.

79.     The explosion killed nineteen United States Air Force servicemen, including Sergeant Millard D. Campbell, Staff Sergeant Kevin J. Johnson, Airman First-Class Joseph E. Rimkus, Airman First-Class Brent E. Marthaler, Technical Sergeant Thanh Van Nguyen, Airman First-Class Joshua E. Woody, Airman First-Class Peter J. Morgera, Master Sergeant Kendall Kitson, Jr., Captain Christopher Adams, Airman First-Class Christopher Lester, Senior Airman Jeremy A. Taylor, and Technical Sergeant Patrick P. Fennig.

## COUNT I
## WRONGFUL DEATH

80.    Paragraphs 1 through 79 are incorporated herein as if fully set forth.

81.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig were killed by the explosion of a bomb deliberately detonated by Hizbollah outside of the Khobar Towers complex

Arabia. 82.    Defendants Iran, MOIS, and the IRGC, are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

83.    As a proximate result of these acts, Plaintiffs have been injured.

84.    For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT II
## SURVIVAL ACTION

85.    Paragraphs 1 through 84 are incorporated herein as if fully set forth.

86.    Before their deaths, Decedents Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall

Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig

suffered extreme bodily pain and suffering as a result of the Khobar Towers bombing, thereby

entitling their Estates to compensatory damages.

87.     Defendants Iran, MOIS, and the IRGC, are directly and vicariously responsible

for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert

with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

88.     As a proximate result of these acts, Plaintiffs have been injured.

89.     For the reasons stated above, Defendants are jointly and severally liable to

Decedents' Estates.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the

IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000)

for each Decedent's Estate.

## COUNT III
## ECONOMIC DAMAGES

90.     Paragraphs 1-89 are incorporated herein as if fully set forth.

91.     As a direct and proximate result of the willful, wrongful, intentional, and reckless

acts of Hizbollah members, Plaintiffs incurred economic damages through the deprivation of

Decedents' income.

92.     Defendants Iran, MOIS, and the IRGC are directly and vicariously responsible for

Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert

with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

93.    As a proximate result of these acts, Plaintiffs have been injured.

94.    For the reasons stated above, Defendants are jointly and severally liable to Decedents' Estates.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in an amount to be determined at trial for each Decedent's Estate.

## COUNT IV
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

95.    Paragraphs 1-94 are incorporated herein as if fully set forth.

96.    The act of detonating a bomb outside of the Khobar Towers complex in Dhahran, Saudi Arabia, with the intent to kill Americans and to cause emotional distress and grief to the Plaintiffs, and which, in fact, did kill Americans Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig, constituted extreme and outrageous conduct on the part of Hizbollah members and agents and all Defendants.

97.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiffs suffered extreme emotional distress, including extreme mental anguish, grief, and emotional and physical pain and suffering.

98.    Defendants Iran, MOIS, and the IRGC, are directly and vicariously responsible for Hizbollah's actions, because they funded, trained, and directed Hizbollah and acted in concert with Hizbollah in sponsoring the terrorist attack on Khobar Towers.

99.    As a proximate result of these acts, Plaintiffs have been injured.

100.    For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against Defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT V
## LOSS OF CONSORTIUM

101.    Paragraphs 1-100 are incorporated herein as if fully set forth.

102.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiff Marie R. Campbell was deprived of the assistance, society, companionship, and consortium of her husband, Millard D. Campbell.  This loss caused Marie R. Campbell to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

103.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiff Shyrl L. Johnson was deprived of the assistance, society,

companionship, and consortium of her husband Kevin J. Johnson.  This loss caused Shyrl L. Johnson to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

104.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiff Katie L. Marthaler was deprived of the assistance, society, companionship, and consortium of her husband, Brent E. Marthaler.  This loss caused Katie L. Marthaler to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

105.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its agents MOIS and the IRGC, Plaintiff Dawn Woody was deprived of the assistance, society, companionship, and consortium of her husband, Joshua E. Woody.  This loss caused Dawn Woody to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

Plaintiffs Marie R. Campbell, Shyrl L. Johnson, Katie L. Marthaler, and Dawn Woody demand that judgment be entered, jointly and severally, against Iran, MOIS, and the IRGC, in the amount of TEN MILLION DOLLARS ($10,000,000) for each of the Plaintiffs Marie R. Campbell, Shyrl L. Johnson, Katie L. Marthaler, and Dawn Woody.

## COUNT VI
## SOLATIUM

106.    Paragraphs 1-105 are incorporated herein as if fully set forth.

107.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Marie R. Campbell and Bessie A. Campbell were deprived of the assistance, society, and companionship of their husband and son, Millard D. Campbell.  This loss caused them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

108.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Shyrl L. Johnson, Che G. Colson, Kevin Johnson, Nicholas A. Johnson, Laura E. Johnson, and Bruce Johnson were deprived of the assistance, society, and companionship of their husband, step-father, father, son, and brother, Kevin J. Johnson.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

109.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Bridget Brooks, James R. Rimkus, and Anne M. Rimkus were deprived of the assistance, society, and companionship of their son and brother, Joseph E. Rimkus.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

110.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Katie L. Marthaler, Sharon Marthaler, Herman C. Marthaler III, Matthew Marthaler, and Kirk Marthaler were deprived of the assistance, society, and companionship of their husband, son, and brother, Brent E. Marthaler. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

111.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiff Christopher R. Nguyen was deprived of the assistance, society, and companionship of his father, Thanh Van Nguyen. This loss caused him to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

112.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Dawn Woody, Bernadine R. Beekman, George M. Beekman, Tracy M. Smith, Jonica L. Woody, and Timothy Woody were deprived of the assistance, society, and companionship of their husband, son, step-son, and brother, Joshua E. Woody. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

113.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Michael Morgera and Thomas Morgera were deprived of the assistance, society, and companionship of their brother, Peter J. Morgera.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

114.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Nancy R. Kitson, Kendall K. Kitson, Steve K. Kitson, and Nancy A. Kitson were deprived of the assistance, society, and companionship of their son and brother, Kendall Kitson, Jr.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

115.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Catherine Adams, John E. Adams, Patrick D. Adams, Michael T. Adams, Daniel Adams, William Adams, Mary Young, and Elizabeth Wolf were deprived of the assistance, society, and companionship of their son and brother, Christopher Adams.  This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

116.    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior

25

officers and agents MOIS and the IRGC, Plaintiffs Cecil H. Lester, Judy Lester, Cecil H. Lester, Jr., and Jessica F. Lester were deprived of the assistance, society, and companionship of their son and brother, Christopher Lester. This loss caused each them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

117. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Lawrence E. Taylor, Vickie L. Taylor, and Starlina D. Taylor were deprived of the assistance, society, and companionship of their son and brother, Jeremy A. Taylor. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

118. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded and directed by Iran through its senior officers and agents MOIS and the IRGC, Plaintiffs Thaddeus C. Fennig, Catherine Fennig, Mark Fennig, and Paul D. Fennig were deprived of the assistance, society, and companionship of their son and brother, Patrick P. Fennig. This loss caused each of them to suffer, among other things, extreme mental anguish, grief, and emotional and physical pain and suffering.

119. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

Plaintiffs demand that judgment be entered against the defendants Iran, MOIS, and the IRGC, jointly and severally, in the amount of TWENTY MILLION DOLLARS ($20,000,000) for each Plaintiff.

## COUNT VII
## PUNITIVE DAMAGES

120.    Paragraphs 1-119 are incorporated herein as if fully set forth.

121.    The actions of Defendants Iran, MOIS, and the IRGC, acting in concert to carry out their unlawful objectives, were malicious and willful, wanton and reckless in their disregard of the lives of Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig.  Defendants intended to carry out actions that would end the lives of persons residing in the Khobar Towers complex, including the lives of Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig.  The actions of Hizbollah were undertaken at such time as they were operating for and in the service of Defendants Iran, MOIS, and the IRGC, and those Defendants are, therefore, vicariously liable to Plaintiffs.

122.    Defendants MOIS, and the IRGC are officials, agents, and/or employees of Iran who performed acts within the scope of their offices, agencies, and/or employment, which caused the extrajudicial killings of Millard D. Campbell, Kevin J. Johnson, Joseph E. Rimkus, Brent E. Marthaler, Thanh Van Nguyen, Joshua E. Woody, Peter J. Morgera, Kendall Kitson, Jr., Christopher Adams, Christopher Lester, Jeremy A. Taylor, and Patrick P. Fennig.

123.    For the reasons stated above, Defendants MOIS, and the IRGC, are jointly and severally liable to Plaintiffs.

Plaintiffs collectively demand that judgment be entered against Defendants MOIS, and the IRGC, jointly and severally, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.).

## PRAYER FOR RELIEF

Plaintiffs request that the Court grant judgment in their favor and against Defendants Iran, MOIS, and the IRGC on Counts I through VII, and grant Plaintiffs:

A.    Compensatory damages against Defendants Iran, MOIS, and the IRGC, in the amount of THREE BILLION SIX HUNDRED SIXTY MILLION DOLLARS ($3,660,000,000), plus economic damages in an amount to be determined at trial for each of Decedents' Estates;

B.    Punitive damages against Defendants MOIS, and the IRGC in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000);

C.    Reasonable costs and expenses;

D.    Reasonable attorneys' fees; and

E.    Such other and further relief that the Court may determine to be just and equitable under the circumstances.

Respectfully submitted,


_____/s/_____
Shale D. Stiller, D.C. Bar No. MD00772
Kurt J. Fischer, D.C. Bar No. MD03300
Elizabeth R. Dewey, D.C. Bar No. 445334
Hank B. Walther, D.C. Bar No. 477218
Melissa L. Mackiewicz, D.C. Bar No. MD27005

PIPER RUDNICK LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Tel: (202) 861-3941
Fax: (202) 223-2085

Attorneys for Plaintiffs


**July 7, 2004**